IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. DKC-23-0323 |
| | * | |
| MICHAEL GEORGE VERZALENO, JR, | * | |
| MICHAEL G. VERZALENO, SR, | * | |
| SUSAN P. CARRANO | * | |
| | * | |
| **Defendants.** | * | |
| | * | |
| | ******* | |

## GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE ANY REFERENCE TO EUGENE DINOTO'S PARANORMAL ACTIVITY INTEREST & SOCIAL MEDIA ACTIVITIES

The United States of America, by its counsel, Erek L. Barron, United States Attorney for the District of Maryland, and Martin J. Clarke, Harry M. Gruber, and Joseph L. Wenner, Assistant United States Attorneys for said District, hereby files a motion in limine to preclude the Defendants from attempting to introduce evidence or ask questions about Eugene DiNoto's interest and belief in paranormal activity and his sharing of such interest with family and close friends. Such content is far afield from any relevance to the case at issue and bears little on DiNoto's credibility as a witness.

Years ago, between approximately 2016 and 2018, DiNoto shared certain paranormal related videos through a private account YouTube with family and close friends. The videos purported to show instances of paranormal activity. In these videos, DiNoto purports to observe and captured images of ghosts and spirits floating near his body and in his house. In an accompanying description, he asked for assistance in expelling these "evil spirits" from his home and noted that he was continuing to attempt to expel them through prayer. Based on the YouTube

material, DiNoto also sought to communicate with deceased relatives, including his deceased nephew and deceased father.

The government submits that DiNoto's paranormal interests and beliefs should be barred from trial. For one, they are irrelevant under F.R.E. 401 and have no tendency to make the Defendants' guilt "more or less probable." DiNoto's interests in the paranormal manifested itself in a very limited manner: in a small number of YouTube videos and select conversations with family members. There is nothing that suggests these interests motivated, prompted, or had anything to do with the charged fraudulent scheme. In short, DiNoto's paranormal interests and associated posts bear no relevance to this case. And to the extent that the Defendants wish to attack Mr. DiNoto's paranormal postings, that too would be impermissible under F.R.E. 403; the plain prejudicial effect overwhelms any possible probative value. *See United States v. Darui*, 545 F. Supp. 2d 108, 112 (D.D.C. 2008) (barring defendant from presenting any evidence as to witness's polygamous marital relations with two women as both irrelevant and prejudicial under F.R.E. 401 & 403).

For similar reasons, DiNoto's venture into the paranormal has no bearing on his credibility as a witness. There is no evidence that DiNoto ever sought or obtained anything of value from his paranormal activities, or that they go to his truthfulness. Rather, they tend to show merely that he had unusual beliefs.

Moreover, DiNoto's postings indicate that his purported paranormal communications and interest had a religious component; he explicitly prays in the recordings and describes his prayer as attempts to "exorcise" these "evil spirits." The Defendants should not and cannot be allowed to introduce belief in the paranormal itself to impair Mr. DiNoto's credibility. *See* F.R.E. 610 (barring evidence of a witness's religious belief or opinions to shed light on that witness's general

truthfulness or untruthfulness); *Am. Heartland Port, Inc. v. Am. Port Holdings, Inc.*, 2014 WL 2931929, at *1 (N.D.W. Va. June 30, 2014) (excluding any evidence regarding plaintiff's religious-based opinions of Muslims under F.R.E. 610, 402 and 403); *Malek v. Fed. Ins. Co.*, 994 F.2d 49, 54 (2d Cir. 1993) (reversing and remanding trial verdict when district court allowed defense counsel to attempt to show that witness's character for truthfulness was affected by his religious beliefs); *Darui*, 545 F. Supp. 2d 108, 112 (precluding defendant from introducing evidence about witnesses religious beliefs in polyamory). !!!

For these reasons, the Court should grant the motion in limine to preclude the Defendants from attempting to introduce evidence or ask questions about Eugene DiNoto's interest and belief in paranormal activity and his sharing of such interest with family and close friends.

                Respectfully Submitted,

                Erek L. Barron
                United States Attorney

By:    /s/_____
        Martin J. Clarke
        Harry M. Gruber
        Joseph L. Wenner
        Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

This is to certify that on this day, July 30, 2024, a copy of the foregoing Government's filing was electronically filed and delivered via ECF to all counsel of record in this matter.

    /s/
Joseph L. Wenner
Assistant United States Attorney