IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | *<br>*<br>* |
| v. | *<br>* CRIMINAL NO. DKC-23-323 |
| MICHAEL VERZALENO, JR, et al., | *<br>* |
| Defendants. | *<br>*<br>* |

**MOTION FOR ISSUANCE OF RULE 17 SUBPOENA FOR
PRODUCTION OF DOCUMENT**

The United States of America, by and through its undersigned counsel, hereby moves for issuance of a subpoena to the Custodian of Records for the Kearny Steel Container Corporation ("Kearny Steel") to produce the company's General Ledger prior to trial pursuant to Federal Rule of Criminal Procedure 17(c). As more fully set forth below, the government has tried to obtain the General Ledger, initially by service of a grand jury subpoena to the company's Custodian of Records, then by requests to the company's accountant and its lawyer, all with no success. Based on a recent interview of the company's accountant, the General Ledger is currently being kept at Kearny Steel's business office.

1. On May 3, 2022, Steve Levin, Esq., advised government counsel that he represented both the company, Kearny Steel, and its employees.

2. On May 23, 2022, the government issued a grand jury subpoena to the Custodian of Records for Kearny Steel care of Mr. Levin. *See* Attachment 1. Among other things, the subpoena requested "*books of account, ledgers, billing documents, and other records or papers related to financial transactions*" with certain named entities and individuals, including the victim company in this case, Citrus and Allied Essences, Ltd.[1] *Id*. (emphasis added). The records sought were for years 2011 to 2019. *Id*.

---

1 When the grand jury subpoena was issued, the government had already obtained some of

3. In response to the grand jury subpoena, the CFO of Kearny Steel, defendant Susan Carrano, compiled and provided copies of hundreds of invoices the company sent to Citrus and Allied between 2017 and 2019. However, other than the invoices, no other records, ledgers, or journals were provided, including the General Ledger.²

4. Kearny Steel's outside accountant, Roy Levine, was also issued a grand subpoena for, among other things, "[a]ll records, books of account and other documents or papers relative to financial transactions of the principals" for the years 2014 to 2022. Attachment 2. In response to the subpoena, Mr. Levine provided the government with four separate document productions. None of those productions contained a copy of the General Ledger.

5. On July 25, 2024, Roy Levine was interviewed by law enforcement agents in the presence of his attorney. Mr. Levine stated that, although Kearny Steel used the QuickBooks accounting software for some of its bookkeeping, it did not use the software program as a digital General Ledger. Instead, the company used a physical General Ledger as its central repository for managing the overall business.

6. Mr. Levine further stated that he visited the business offices of Kearny Steel on a quarterly basis to get the company's trial balance from the General Ledger located there. He did not maintain copies of the General Ledger, nor did he review it outside the offices of Kearny Steel. In fact, Mr. Levine had reviewed the General Ledger during his visits to the company this year.

7. Following the interview of Mr. Levine, government counsel contacted Anthony Mahajan, Esq., the new attorney for both Kearny Steel and its employees. He had taken the place

---

Kearny Steel's business records via a search warrant, including records maintained in QuickBooks, a digital accounting software program on the company's computer.
2 Kearny Steel's General Ledger is a handwritten account ledger containing debits and credits and various journal entries covering fiscal years 2013 through 2020.

of the company's original attorney, Steven Levin, *supra*, who advised the government that he could no longer represent the company due to a conflict of interest.

8. On July 30, 2024, government counsel sent Mr. Mahajan an email asking him to respond to earlier requests that he acknowledge receipt and service of the witness subpoenas that the government had sent him for the appearance of five Kearny Steel employees scheduled to testify at trial. In that same email, the government advised Mr. Mahajan about the government's recent interview of the company's accountant and requested the company provide the General Ledger as soon as possible.[3] Mr. Mahajan responded by confirming that he had received the witness subpoenas the week before but made no mention about his intention to produce the General Ledger on behalf of the company.

9. On August 7, 2024, having not heard back from Mr. Mahajan, government counsel sent him a letter expressing concern that the company's failure to produce the General Ledger "might be viewed as obstructive behavior, both in 2023 and now in 2024," which might require the government to seek a show cause hearing. Attachment 3.

10. That same day, Mr. Mahajan responded stating, "Your subpoena for the general ledger was directed to Steve Levin. I do not represent Mr. Levin. *I am also not counsel for the company*, only the witnesses you are calling in your trial." Attachment 4 (emphasis added). He went on to say that if the government believed one of the Kearny Steel witnesses he represented possessed the General Ledger, he would "certainly accept [a] trial subpoena for same." *Id*. He further said, "any show-cause proceeding should be directed at the company, not me." *Id*.

---

[3] The email stated the following: "According to the company's longtime accountant who was interviewed just last week, Kearny uses a general ledger to manage the business, yet that ledger was never produced pursuant to the subpoena. Please provide the general ledger as soon as possible, hopefully in the next couple of days."

3

11. Surprised at Mr. Mahajan's response, government counsel endeavored to find out who actually represented Kearny Steel by calling Bruce Marcus, Esq., counsel for defendant Michael Verzaleno, Sr., the company's president and its registered agent in New Jersey. Mr. Marcus, who had entered his appearance just before the motions hearing, stated that he did not know who was represented the company and he had not heard of Mr. Mahajan. Nonetheless, Mr. Marcus offered to look into the matter. Evan Shea, Esq., counsel for Susan Carrano, the CFO, also did not know who represented the company, but he had heard Mr. Mahajan's name before. A few days later, Mr. Marcus left a voicemail message stating that he had received confirmation that Mr. Mahajan was, in fact, the attorney for Kearny Steel contrary to what he had represented to government counsel.

12. Given the foregoing chronology, the government moves for issuance of a subpoena to the Custodian of Records for Kearny Steel to produce the company's General Ledger prior to trial pursuant to Federal Rule of Criminal Procedure 17(c), which states:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Rule 17(c)(1). The Court "may quash or modify the subpoena if compliance would be unreasonable or oppressive." Rule 17(c)(2). Before the Court can authorize the issuance of the subpoena, the government must show the following:

> (1) that the documents are evidentiary and relevant;
> (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence;
> (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and
> (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*United States v. Nixon*, 418 U.S. 683, 699–700 (1974) (citations omitted); *United States v. Caro*, 597 F.3d 608, 619 (4th Cir. 2010) (same).

13. The General Ledger is a relevant and admissible document needed by the government to adequately prepare for trial. To prove the defendants executed the false billing scheme against Citrus and Allied through Kearny Steel as charged in the Indictment, the government will adduce evidence at trial that they used various bookkeeping methods and records at Kearny Steel to fraudulently conceal the existence of the scheme. While the government is prepared to proceed with the business records it has obtained thus far from other sources, the General Ledger is necessary to show how the proceeds of the fraud were ultimately accounted for and applied to the business. In that sense, the General Ledger provides snapshots in time showing when the proceeds were received, how they were logged, and how they were spent.

14. As discussed above, the government has been diligently trying in good faith to obtain the General Ledger by various means but to no avail. Given the lack of certainty about who actually represents the company and the unwillingness of the company to produce the ledger despite the government's efforts, the government considered executing a second search warrant at the offices of Kearny Steel or filing a motion to compel production and seek a show-cause hearing. However, both options are time intensive and could affect the upcoming trial date. Accordingly, the government seeks an expedited subpoena duces tecum pursuant to Rule 17(c) to require the company's Custodian of Records to produce the General Ledger prior to trial.

15. Due to the uncertainty about who currently represents Kearny Steel, the government seeks the Court's authority to serve two subpoenas upon the Custodian of Records for the same document via two different parties, both Anthony Mahajan and the company's registered agent, Michael Verzaleno, Sr., at the following addresses:

Custodian of Records
Kearny Steel Container Corporation

5

    c/o Anthony Mahajan, Esquire
Health Law Alliance
51 JFK Parkway
Short Hills, NJ 07078

    Custodian of Records
Kearny Steel Container Corporation
c/o Michael Verzaleno, Sr. (Registered Agent)
401 South Street
Newark, NJ 07105

Should the Court grant the motion, service to Mr. Verzaleno will made through his counsel, Bruce Marcus or Zach Intrater.  A proposed Order and the proposed subpoenas (Attachments 5 and 6) are attached.

    WHEREFORE, the government respectfully moves the Court to authorized issuance of the subpoenas pursuant to Rule 17(c).

                                               Respectfully submitted,

                                               Erek L. Barron
                                               United States Attorney

                                               _____/s/_____
                                               Martin J. Clarke
                                               Harry M. Gruber
                                               Joseph L. Wenner
                                               Assistant United States Attorneys
                                               36 S. Charles Street, 4th Floor
                                               Baltimore, Maryland 21201-2692
                                               (410) 209-4800

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Motion for Issuance of Rule 17 Subpoena for Production of Document* was served via ECF on counsel for the defendants.

_____/s/_____
Martin J. Clarke