IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *    CRIMINAL NO. DKC-23-0323 |
| | * |
| MICHAEL GEORGE VERZALENO, JR, | * |
| MICHAEL G. VERZALENO, SR, | * |
| SUSAN P. CARRANO | * |
| | * |
| Defendants. | * |
| | * |

*******

## JOINT PROPOSED VOIR DIRE

The United States, by and through Martin J. Clarke, Harry M. Gruber, and Joseph L. Wenner, Assistant United States Attorneys, and counsel for the defendants, respectfully file this joint submission regarding voir dire in this case. Where the text appears in black, the parties agree. Additions or strikethroughs in red are additions, deletions, or modifications requested by the defense. Additions, deletions, or modifications in blue are requested by the government.

By and through the undersigned, the United States of America and the defendants request the Court conduct the following interrogation of prospective jurors pursuant to Federal Rule of Criminal Procedure 24(a).

\* \* \* \* \*

## Introduction

My name is Judge Deborah K. Chasanow, and I am a United States District Judge here in the United States District Court for the District of Maryland.  We are here today to select a jury in a criminal case brought by the government against the defendants, Michael G. Verzaleno, Jr., Michael G. Verzaleno, Sr., and Susan P. Carrano.  The defendants are each charged in an indictment with multiple criminal offenses.  As I will instruct you later, an indictment is simply a formal way

1

of charging someone with a crime and it is not evidence of guilt; indeed, criminal defendants are presumed innocent unless and until proven guilty beyond a reasonable doubt.  In this case, the defendants deny the charges set forth in the indictment.

In Count One, the defendants are charged with Conspiracy to Commit Wire and Mail Fraud, in violation of 18 U.S.C. § 1349.  In Counts Two through Fifteen, the defendants are charged with Wire Fraud, in violation of 18 U.S.C. § 1343.  In Counts Sixteen through Eighteen, the defendants are charged with Mail Fraud, in violation of 18 U.S.C. § 1341.  In Count Nineteen, defendant Susan P. Carrano is charged with False Statements, in violation of 18 U.S.C. § 1001.

In general, the indictment alleges that Michael G. Verzaleno, Jr., Michael G. Verzaleno, Sr., – owners of the Kearny Steel Container Corporation ("KSC") – and Susan P. Carrano, ~~the controller~~ an employee of KSC, conspired to obtain money and property from a company involved in the production of oils and extracts used in the food industry by means of materially false and fraudulent pretenses, representations, and promises.  More specifically, the indictment alleges that the defendants knowingly ~~submitted and caused the submission of~~ used false invoices ~~for drum containers that overstated the amount of money owed, and that the defendants paid cash kickbacks to individuals in return for helping the scheme succeed~~ to defraud one of their client companies by obtaining payments for shipments that were never delivered.  This case is expected to last ~~3-4~~ 2-3 weeks.

I am now going to ask a series of questions that can be answered by Yes or No.  Please note your responses to each of the questions on the materials that have been provided to you.  When all of the questions have been asked, I will then ask each juror with an affirmative answer to one or more questions to approach the bench to discuss your answers out of the presence of other members of the jury panel.  When you approach the bench, identify yourself by juror number only.

**Knowledge of Case / Parties / Other Matters**

1. Other than what I just told you, do you know anything at all about this case either through your own personal knowledge, through media reports or social media, or any discussion with anyone else?

2. Ladies and gentlemen, in this case, the Defendants are Michael G. Verzaleno, Jr., Michael G. Verzaleno, Sr., and Susan P. Carrano. Do you know, or have you had any dealings with Mr. Verzaleno, Jr., Mr. Verzaleno, Sr., or Ms. Carrano, the business entity Kearny Steel Corporation, <u>National Packaging Services,</u> or any of the defendants' friends, associates, or family members? ~~You may be seated.~~

3. <u>The indictment alleges that Eugene DiNoto, who was a resident of Maryland, and John Criscuolo, who was a resident of New Jersey, were involved in the scheme to defraud. Do you know, or have you had any dealings with Mr. DiNoto or Mr. Criscuolo, any of their friends, associates, or family members?</u>

4. <u>The company the indictment alleges the Defendants defrauded was Citrus & Allied Essences Ltd. based in Belcamp Maryland. Do you know, or have you had any dealings with that company, their employees, or their associates?</u>

5. <u>Richard Pisano, Jr. was the President and Chief Executive Officer of Citrus & Allied Essences Ltd. Do you know, or have you had any dealings with Mr. Pisano, Jr., any of his friends, associates, or family members?</u>

6. <u>Richard Pisano, Jr. also owns a company called Trilogy Essential Ingredients Inc. based in Floral Park New York. Do you know, or have you had any dealings with that company, their employees, or their associates?</u>

7. ~~3.~~ Mr. Verzaleno, Jr., Mr. Verzaleno, Sr., and Ms. Carrano are each represented by counsel. Mr. George Varghese, Mr. Ben Conery, Mr. Lee Vartan, Ms. Melissa Wernick, Mr. Zach Intrater, Mr. David Eskew, Mr. Jarrod Schaeffer, Mr. Evan Shea, Mr. Bruce Marcus, and Ms. Sydney Patterson please stand and face the jury. Does anyone know, or have you had any dealings or association with any of the defendants' counsel?

8. ~~4.~~ The United States of America is represented by Assistant United States Attorneys, Mr. Martin J. Clarke, Mr. Harry Gruber, and Mr. Joseph L. Wenner. Does anyone know, or have you had any dealings or association with Mr. Clarke, Mr. Gruber, or Mr. Wenner?

9. ~~5.~~ Again, my name is Judge Deborah K. Chasanow. Does anyone know, or have you had any dealings or association with me or anyone on my judicial staff?

10. ~~6.~~ The following persons may be called as witnesses or mentioned in this matter. Please pay attention to their names. Please let us know if you know, or have you had any dealings or association with these individuals. [**read list of names provided**]

11. ~~7.~~ Do you know the United States Attorney for the District of Maryland, Erek L. Barron, any of the Assistant United States Attorneys in that office, or any other employees of the United States Attorney's Office here in Maryland?

12. ~~8.~~ Does any member of the panel know any other member of the panel?

13. ~~9.~~ Have you read or heard anything about this case or the defendants from any source whatsoever?

    a. [at side bar] What was the nature of what you heard or saw?

    b. [at side bar] Have you formed any impression or opinion at all as to the merits of this case?

14. ~~10.~~ I will now ask you some questions relating not only to you, but also to members of your immediate family. By this I mean your spouse, parents, children, brother or sister, or anyone residing with you.  I do **not** mean aunts, uncles, cousins, nieces, nephews, or in-laws unless they live with you.

### Law Enforcement / Law School / Lawyer and Judicial Affiliations/ Employment History

15. ~~11.~~ Has any member of the jury panel, or members of your immediate family, ever been employed by or connected with any law enforcement agency, such as any police department, sheriff's office, state or federal prosecutor's office, the FBI, IRS, or other federal law enforcement agency?  If so, what agency, what position, and when?

16. ~~12.~~ Has any member of the panel, or members of your immediate family ever been employed by a criminal defense attorney's office?

17. ~~13.~~ Have you, any family member, or any of your close friends ever been employed by a state or federal court or a court-related agency such as a sheriff's office, clerk's office, probation and parole office, United States Marshal's Office, Pretrial Services, or bail agency or similar department or organization?  If so, what agency, what position, and when?

18. ~~14.~~ Has any member of the jury panel, or members of your immediate family, been employed in this courthouse in any capacity or acquainted with any employee in the courthouse?

19. ~~15.~~ This case was primarily investigated by the FBI, as well as the Internal Revenue Service ("IRS").

    a. Has any member of the jury panel, or members of your immediate family ever been employed by, had dealings with, or been in a dispute with the FBI or IRS?

    b. Do you have an opinion, favorable or unfavorable, concerning the truthfulness or credibility of law enforcement officers who are members of the FBI, IRS, or any other police department or law enforcement agency?

    c. Has anyone had a negative experience with, or does anyone have negative feelings toward, or have any reservations or opinions about law enforcement officers, including officers and agents of the FBI or IRS?

20. ~~16.~~ Have you, any member of your family, or any of your close friends ever attended a law school, taken a paralegal course, received legal education or training of any kind, or worked with a lawyer, law firm, in a courthouse, or as a lawyer, paralegal, legal secretary, or private investigator?

21. ~~17.~~ Is any member of this panel presently a party in any case (civil or criminal) pending in this or any other federal or state court?

22. ~~18.~~ Has any member of the panel, or members of your immediate family been involved in any legal dispute with any federal, state, or local government, or any agency thereof, including but not limited to the Department of Justice, FBI, or Internal Revenue Service?

23. ~~19.~~ Does any department or agency of the Government have a claim against you, any member of your family, or any of your close friends?

24. ~~20.~~ Do you have any reservations concerning the administration of criminal justice in the courts that would prevent you from rendering a fair and impartial verdict in this case?

25. ~~21.~~ Has any member of the panel had a negative experience with, or does anyone have negative feelings toward, or have any reservations or opinions about prosecutors or the U.S. Department of Justice?

26.  ~~22.~~ Do you have any reservations about the FBI, the IRS, or any other law enforcement agency that would interfere in any way with your ability to judge the evidence fairly and impartially?

27.  ~~23.~~ Has any member of the panel had a negative experience with, or does anyone have negative feelings toward, or have any reservation or opinions about defense attorneys, or others employed in criminal defense work?

28.  ~~24.~~ Has any member of the panel, or members of your immediate family, been employed by or involved in a dispute with Kearny Steel Container Corporation, National Packaging Services, Tunnel and Barrel, P. Fernicola, Citrus and Allied Essences Ltd., Trilogy Essential Ingredients Inc., or other entities related to those companies?

29.  ~~25.~~ During this trial, witnesses called by the government may be state or federal law enforcement officers.  Would any member of the jury panel be inclined to give either more or less weight to the testimony of a police or law enforcement officer than to any other witness in the case, merely because he/she is a police officer?

30.  ~~26.~~ Would any member of the panel tend to give more or less weight to the testimony of a witness called by the prosecution?

31.  ~~27.~~ Would you tend to give more or less weight to the testimony of a witness called by the defense?

32.  ~~28.~~ This case may involve, in part, testimony from convicted persons who are cooperating with law enforcement in exchange for the possibility of receiving reduced sentences. The government is permitted to enter into such agreements and to present the testimony of such witnesses. Do you have any opinion about the use of informants in the investigation of crime, or the presentation of testimony from cooperating witnesses by the government, that

would interfere with your ability fairly to consider the evidence presented in this case? If yes, please explain (at the bench).

33. ~~29.~~ Some of the evidence presented during trial may come from searches for evidence performed by law enforcement officers, including searches conducted pursuant to search warrants. Do you have any experiences or opinions about law enforcement searches that would affect your ability to render a fair and impartial verdict in this case?

34. ~~30.~~ Considering the nature of the charges against the defendants, do you have any feelings about financial crimes or the government's enforcement of such crimes that may cause you to be unable to fairly and impartially judge the evidence in this case?

35. ~~31.~~ Have you, any member of your family, or any of your close friends ever worked as or for an accountant, Certified Public Accountant (CPA), or Chief Financial Officer (CFO)?

~~32. Do you understand that some of the criminal investigative techniques portrayed in books, newspapers, movies, or TV shows – such as CSI or Law and Order – may be fictional, or unreasonable, or inapplicable, given the circumstances of a particular case? As jurors, you must make a determination based solely on the evidence presented to you here in court, and you must not use anything that you have read about or have seen on TV or the movies in reaching your decision in this case. Will you be able to do that?~~

36. Have you, any member of your family, or any of your close friends ever worked as a bookkeeper?

37. Have you, any member of your family, or any of your close friends ever worked in the barrel or industrial container business?

38. Has any member of the jury panel, or members of your immediate family ever owned or operated their own business?

8

39. What type of business?

40. Are you still involved in running that business?

41. ~~33.~~ Does anyone on the panel believe the judicial system in general is unfair or that federal laws in general punish too harshly or too leniently?

42. Do you understand that if selected to serve as a juror in this case, you will be instructed that you are not to consider punishment as that is for the court to decide?

~~35. Do you, any members of your family, or any of your close friends belong to any group that advocates a change in our criminal justice system or our criminal sentencing guidelines, including any group which advocates a position on the reduction or increase in prison sentences?~~

**Victim/Witness of Crime/Moral and Philosophical Objections, Generally**

43. ~~36.~~ Have you, any member of your family, or any of your close friends ever been the victim of a crime?

44. ~~37.~~ Have you, any member of your family, or any of your close friends ever been charged, arrested, or accused of criminal conduct or ever been the subject of a criminal investigation, whether it be federal, state, or local? This includes serious traffic offenses, DUI or DWI, and drug possession, among other things.

QUESTIONS AT BENCH FOR QUESTIONS (a) through (f):

a. How long ago?

b. What was the nature of that experience?

c. How was the matter resolved?

d. How did you feel about the police officers' treatment of the matter?

e. Do you hold any animosity toward the government (including prosecutors) or against any police officers as a result?

9

  f. Do you hold any animosity toward any defense attorneys or anyone working on behalf of defense attorneys as a result?

45. ~~38.~~ Have you or a member of your immediate family, ever;

  a. Been a victim of an unfair financial scheme that unfairly benefited another?

  b. Been accused of, or faced allegations of participating in a financial scheme that unfairly benefited another?

46. ~~39.~~ Have you, any member of your family, or any of your close friends ever been a witness to a crime?

47. ~~40.~~ Have you, any member of your family, or any of your close friends ever been a witness for the prosecution or the defense in a criminal case?

48. ~~41.~~ The defendants in this case are charged with defrauding a company ~~by using~~through a false ~~invoices and cash kickbacks~~invoicing scheme.  Is there anything about the nature of these charges that would affect your ability to be fair and impartial in this case?

### **Prior Jury Service**

49. ~~42.~~ Have you ever served on a grand jury in either state or federal court? If so:

  a. In what court did you serve as a grand juror?

  b. When was your service?

  c. Do you understand that in a grand jury, the proceedings are solely run by the prosecution and defendants and their attorneys are prevented from arguing or relaying information that could inform a defense to the charges?

  d. Did your grand jury ever choose to not return an indictment? If so, why?

  e. Do you understand that the burden of proof in a grand jury proceeding is different and lower than during a trial?

50. ~~43.~~ Have you ever served as a juror in a criminal or civil case in either state or federal court? If so:

  a. In what court did you serve as a juror, what charges were involved in the trial, and what was the result of the trial?

10

b. Do you believe the case was fairly decided?

c. Did anything happen during the course of your jury service that made you more or less likely to trust the legal system?

### Ability To Follow Juror Instructions

51. ~~44.~~ At the end of this trial, I will instruct you on the law which must be followed in this case. Even if you personally did not agree with the law as I describe it to you, is there anyone who would hesitate – or who would be unwilling or unable – to follow my instructions on the law? If you have an opinion on what the law should be, and your opinion was different from my instructions on what the law is, would anyone hesitate – or be unwilling or unable – to follow my instructions on the law?

52. ~~45.~~ Jurors will be instructed that they may not research anything about the case on the internet or elsewhere, and that they must avoid any reports or information about the case or the trial in the media, on the internet or on social media. Would you be able to obey such an instruction during the course of the trial?

53. ~~46.~~ The Court will instruct you that an indictment is merely an allegation and is not proof of anything. Do any of you believe that simply because a defendant has been arrested or charged with a crime the defendant is guilty?

54. ~~47.~~ Under our Constitution, there is a presumption that every person charged with a criminal offense is presumed innocent unless and until proven guilty beyond a reasonable doubt. Would you have any difficulty in applying this presumption?

55. ~~48.~~ The burden rests with the prosecution to prove the charged offenses beyond a reasonable doubt. Under the law, a defendant in a criminal case is not required to explain his or her side of the case and has an absolute right not to testify. Do any of you not understand those principles or have any problem applying them?

56. ~~49.~~ Would any member of the panel hold the government to a burden of proving a defendant guilty beyond all doubt or to a mathematical certainty rather than beyond a doubt that is reasonable?

57. Would any member of the panel hold the government to a lower standard of proving a defendant guilty less than beyond a reasonable doubt simply because it is the government that has brought these charges against the defendant?

58. The defendants are presumed innocent, and that presumption remains throughout the trial. Would any member of the panel be unable to or find it difficult to maintain that presumption throughout the pendency of this trial?

59. ~~50.~~ If selected to serve as a juror in this case, you will be instructed that you are not to consider punishment as that is for the Court to decide. You are not to speculate whatsoever about what the possible punishment in this case might be if any of the defendants are found guilty of any of the offenses with which they are charged. Would any member of the panel be unable to put any consideration of punishment out of your mind and consider only the facts of the case based on the evidence introduced?

60. ~~51.~~ Is there any other matter, fact or thing, including philosophical beliefs which would affect your ability to give a fair and impartial verdict in this case?

61. ~~52.~~ Does anyone on the panel, because of cultural, moral, religious or other beliefs, feel that they could not stand in judgment of another individual, or would otherwise have difficulty being a juror in a case such as this?

62. Does anyone on the panel believe in the presence of ghosts, spirits, or demonic possession or would testimony about a witness believing in those things affect your ability to listen to the evidence, deliberate impartially, and render a fair judgment?

63. ~~53.~~ To reach a verdict, every juror must agree on each defendant being not guilty or guilty. That is, any verdict must be unanimous. It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. If selected, do you believe you would have any trouble engaging in this deliberative process that I've described?

64. The jury's assessment of guilt must be specific to each defendant and a finding that one defendant is guilty does not impact a decision as to whether the other defendants are guilty as well. Do you believe you would have any trouble determining guilt on an individual basis?

65. Does anyone on the panel believe that guilt should be ascribed to a person based on their association with another?

66. ~~54.~~ Do you know of any other reason why you could not sit with absolute impartiality to both sides as a juror in this case?

### **Availability**

67. ~~55.~~ This trial will last ~~3-4 weeks~~ 2-3 weeks. If you are selected to sit on this case, you are required by law to continue on jury duty until the case is completed. If any of you have a compelling reason that makes it impossible for you to serve as a juror on this case for that time, the Court has limited authority to excuse you. Therefore, if it is impossible for you to serve as a juror, please stand.

68. ~~56.~~ Does anyone on the panel have any personal, family, or other considerations that would make it difficult for you to serve as a juror for the full length of trial?

69. ~~57.~~ Does anyone on the panel have any impairment of your vision or hearing that might make it difficult for you to see and hear the witnesses during the trial?

70.    ~~58.~~ Does anyone on the panel have any difficulty understanding the English language to the extent that it would prevent you from following the testimony in this case?

71.    ~~59.~~ Is anyone on the panel taking any medication that might make you unable to give your full attention to the evidence presented?

72.    ~~60.~~ Does anyone on the panel suffer from any physical or mental illness or condition that would affect your ability to serve as a juror in this case for any reason?

73.    ~~61.~~ If selected as a juror, you are required to render a fair and impartial verdict based upon the evidence presented in the courtroom and the law as I describe it to you in my instructions to you. Other than already expressed, does any member of the panel have any reason you cannot do that?

74.    ~~62.~~ Is there any juror who is not a citizen of the United States and a resident of the State of Maryland?

75.    ~~63.~~ Do you have anything else you wish to bring to my attention regarding your possible service as a juror in this case about which I have not already asked you?

Respectfully submitted,

Erek L. Barron
United States Attorney

By:        /s/
Martin J. Clarke
Harry M. Gruber
Joseph L. Wenner
Assistant United States Attorneys

*/s/ George P. Varghese*
George P. Varghese
Benjamin Conery
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street

14

Boston, MA 02109
(617) 526-6000
George.Varghese@wilmerhale.com *(pro hac vice)*
Benjamin.Conery@wilmerhale.com *(pro hac vice)*

Lee Vartan
Melissa Wernick
CHIESA SHAHINIAN & GIANTOMASI PC
105 Eisenhower Parkway
Roseland, NJ 07068
(973) 325-1500
lvartan@csglaw.com *(pro hac vice)*
mwernick@csglaw.com *(pro hac vice)*

*Counsel for Defendant Michael G. Verzaleno, Jr.*


/s/ *Zach Intrater*
Zach Intrater
AGNIFILO INTRATER LLP
445 Park Avenue, 7th Fl.
New York, NY 10022
(917)-721-7331
zach@agilawgroup.com (*pro hac vice*)

Bruce L Marcus
Sydney M Patterson
MARCUS BONSIB LLC6411 Ivy Ln Ste 116
Greenbelt, MD 20770
(301) 441-3000
bmarcus@marcusbonsib.com
spatterson@marcusbonsib.com

*Counsel for Defendant Michael Verzaleno, Sr.*

/s/ *David M. Eskew*
David M. Eskew
Jarrod L. Schaeffer
ABELL ESKEW LANDAU LLP
256 Fifth Avenue, 5th Floor
New York, NY 10001

(646) 970-7340
deskew@aellaw.com *(pro hac vice)*
jschaeffer@aellaw.com *(pro hac vice)*

Evan T. Shea
V<small>ENABLE</small> LLP
750 E. Pratt Street, Suite 900
Baltimore, MD 21202
(410)-244-7742
etshea@venable.com

*Counsel for Defendant Susan P. Carrano*