## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. DKC-23-0323** |
| | * | |
| **MICHAEL GEORGE VERZALENO, JR,** | * | |
| **MICHAEL G. VERZALENO, SR,** | * | |
| **SUSAN P. CARRANO** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

**\*\*\*\*\*\*\***

## <u>GOVERNMENT'S MOTION FOR ORDER TO SHOW CAUSE</u>

The United States of America, by and through its undersigned counsel, hereby moves the Court pursuant to Federal Rule of Criminal Procedure 17(g) to order the Custodian of Records and Attorney for Kearny Steel Container Corporation ("Kearny Steel") to appear before the Court to show cause why Kearny Steel has not complied with the prior subpoena of this Court by delivering Kearny Steel's General Ledger to the United States Attorney's Office for the District of Maryland.

1.      On August 19, 2024, the government moved for issuance of a Fed. R. Crim. P. 17(c) subpoena to order the Custodian of Records for Kearny Steel to produce the company's General Leger prior to trial. ECF 100. On August 19, 2024, the Court granted the Rule 17 motion and ordered the Clerk to issue two Rule 17 subpoenas to Kearny Steel – one care of Michael Verzaleno, Sr., the other care of Mr. Mahajan. ECF 101. These subpoenas ordered Kearny Steel to produce to the U.S. Attorney's Office: "The General Ledger for Kearny Steel Container Corporation described as a handwritten account ledger containing debits and credits and various journal entries covering fiscal years 2013 through 2020." The deadline for production was August 28, 2024 at noon.

2.      The subpoena was served on Michael Verzaleno, Sr., through his counsel of record, Zach Intrater, Esq. and Bruce Marcus, Esq., who accepted service on his behalf by email.

3.      On August 20, 2024, FBI agents attempted to physically serve the subpoena on Mr. Mahajan at his law office. Mr. Mahajan was not present and employees of his law office would not admit the agent into the law office. The law office employees would not or could not advise the agents when Mr. Mahajan would return. After the agents successfully reached Mr. Mahajan on the phone, he advised them that he did not represent Kearny Steel.

4.      On August 21, 2024, government counsel emailed a copy of the Rule 17 subpoena to Mr. Mahajan and asked whether he would accept service or if there was someone who would accept on his behalf. Mr. Mahajan responded later that day: "Yes, but I have to figure out if I am, in fact, being hired to represent the company." Exhibit 1 at 1. He advised he was out of the office that week, but would address the issue when he returned.

5.      On August 27, 2024, having received no response to the subpoenas, the government emailed Mr. Marcus advising him that neither his client, as the resident agent of Kearny Steel, nor Mr. Mahajan, had produced the General Ledger or otherwise responded to the subpoena.

6.      Also on August 27, 2024, the government emailed Mr. Mahajan, asking if he had sent the General Ledger to the U.S. Attorney's Office. Mr. Mahajan responded: "I don't have it yet but should soon." *Id*.

7.      As of this filing, the government has received no response to the subpoenas issued to Kearny Steel, through Mr. Mahajan and Michael Verzaleno, Sr.

8.      Fed. R. Crim. P. 17(g) provides that: "The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district." This rule recognizes a power to hold in contempt nonparty witnesses who fail to comply with subpoenas or subpoenas duces tecum. *U.S. v. New York Tel. Co.*, 434 U.S. 159, 175 n.24 (1977).

9.      Here, the Court issued subpoenas pursuant to Fed. R. Crim. P. 17(c) on August 19, 2024, setting the deadline for production of the Green Ledger for August 28, 2024 at noon. The subpoenas were properly served on both Kearny Steel's agent and purported attorney. Neither have produced the Green Ledger.

10.     Trial in this case is scheduled to begin on September 9, 2024. As explained in the government's motion for a Rule 17 subpoena, the General Ledger is a relevant and admissible document needed by the government to adequately prepare for trial. To prove the defendants executed the false billing scheme against Citrus and Allied through Kearny Steel as charged in the Indictment, the government will adduce evidence at trial that they used various bookkeeping methods and records at Kearny Steel to fraudulently conceal the existence of the scheme. The General Ledger is necessary to show how the proceeds of the fraud were ultimately accounted for and applied to the business.

11.     Despite the government's efforts and this Court's subpoenas to obtain the General Ledger, Kearny Steel still has not produced it. Accordingly, the government moves this court to order Kearny Steel to show cause why it has not produced the General Ledger.

*** 

For the above reasons, the United States of America respectfully requests, pursuant to Federal Rule of Criminal Procedure 17(g), that the Court order the Custodian of Records, Michael Verzaleno, Sr., his counsel, and Anthony Mahajan, Esq., who we have been advised is now counsel for Kearny Steel, to appear before the Court to show cause why Kearny Steel has not delivered Kearny's General Ledger to the U.S. Attorney's Office for the District of Maryland.

Respectfully Submitted,

Erek L. Barron
United States Attorney

By:      /s/_____
         Martin J. Clarke
         Harry M. Gruber
         Joseph L. Wenner
         Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

This is to certify that on this day, August 28, 2024, a copy of the foregoing filing was electronically filed and delivered via ECF to all counsel of record in this matter as well as sent via email.

/s/_____
Joseph L. Wenner
Assistant United States Attorney