IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * |
| MICHAEL VERZALENO, JR, et al., | *  CRIMINAL NO. PX-23-323 |
| Defendants. | * |

**MOTION TO EXCLUDE TIME PURSUANT
TO THE SPEEDY TRIAL ACT**

The United States of America, by its undersigned counsel, hereby submits this *Motion to Exclude Time Pursuant to the Speedy Trial Act*.[1] In support of the motion, the government states as follows:

1. On September 14, 2023, a federal grand jury for the District of Maryland returned an Indictment against Defendants Michael Verzaleno, Jr., Michael Verzaleno, Sr., and Susan P. Carrano, alleging among other crimes, wire and mail fraud conspiracy, mail fraud, and false statement offenses, in violation of 18 U.S.C. §§ 1349, 1343, 1341, 1001.

2. On or about September 19, 2023, the defendants had their initial appearances in the District of New Jersey. Conditions of release were entered by the Court.

3. On October 26, 2023, the parties participated in a conference call with District Judge Deborah K. Chasanow regarding scheduling. During the conference call, counsel for the defendants requested additional time to review the discovery and to prepare for trial. The parties thereafter agreed upon a motions deadline and a trial date of May 13, 2024. ECF 39. The trial date was subsequently reset for June 3, 2024, due to a scheduling conflict. ECF 42.

---

[1] On October 3, 2024, government counsel contacted Lee Vartan, Esq., by email to see if defense counsel would join in the Motion. No response was received.

4. On November 27, 2023, the Court granted the parties' joint motion to exclude time under the Speedy Trial Act from October 26, 2023, to June 3, 2024. ECF 44 & 45.

5. On January 10, 2024, the Court granted the parties' consent motion to extend the motions deadline until February 29, 2024, and then again until March 29, 2024. ECF 53, 54, 57 & 60.

6. On March 15, 2024, the Court held a conference call with counsel where defense counsel requested additional time to review discovery and file motions. As a result, the motions hearing was rescheduled for June 3, 2024, and the trial date was rescheduled to September 9, 2024, in Baltimore. ECF 62.

7. On June 3, 2024, the Court held a pretrial motions hearing and issued an order scheduling a hearing on motions in limine for September 4, 2024. ECF 83 & 86.

8. On September 4, 2024, the Court held a hearing on motions in limine and a pretrial conference. ECF 116 & 117.

9. On September 5, 2024, defense counsel sent a letter to the Court requesting continuance of the trial for at least 30 days, as the Court's calendar permitted. ECF 120. The government did not object.

10. On September 6, 2024, following a conference call with the parties, the Court removed the trial date of September 9, 2024 from the Court's calendar and issued a new scheduling order setting the trial in Greenbelt before a different judge on December 2, 2024. ECF 122. The Court also set deadlines for any additional disclosures by the government and reciprocal Rule 16 disclosure by the defense.

11. On September 23, 2024, defense counsel provided the government with its first reciprocal Rule 16 disclosure, reserving the right to amend and supplement it with additional disclosures later.

12. On September 26, 2024, District Judge Paula Xinis held a conference call with all parties to confirm that the trial would start on December 2, 2024. ECF 130. The Court also issued a schedule for supplemental motions in limine. ECF 131.

13. Title 18 U.S.C. § 3161(h)(7)(A) specifically excludes from the speedy trial time requirements "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney or the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

14. Factors which the Court must consider in determining whether to grant a continuance and exclude time under § 3161(h)(7)(A) include "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice"; and [w]hether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i) & (iv).

15. In light of the aforementioned facts, the government respectfully submits that both of the foregoing factors apply here and justify the Court's finding that the interests of justice served by excluding the time from June 3, 2024 until December 2, 2024 under the Speedy Trial Act outweighs the defendants' and the public's interests in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

16. A proposed Order is attached for the Court's consideration.

Wherefore, the government respectfully requests that this Court enter an Order pursuant to 18 U.S.C. § 3161(h) excluding from calculation under the Speedy Trial Act the period of time from June 3, 2024 through December 2, 2024, inclusive.

                                                      Respectfully submitted,

                                                      Erek L. Barron
                                                      United States Attorney

                                                      _____/s/_____
                                                      Martin J. Clarke
                                                      Assistant United States Attorney
                                                      United States Attorney's Office
                                                      36 S. Charles Street, 4th Floor
                                                      Baltimore, Maryland 21201-2692
                                                      (410) 209-4840

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Government's motion was served via M/ECF on counsel for the Defendants.

                                                          _____/s/_____
                                                          Martin J. Clarke
                                                          Assistant United States Attorney