UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| v. | * | Criminal No. 23-cr-323-PX |
| | * | |
| | * | |
| MICHAEL VERZALENO, JR., ET AL., | * | |
| | * | |
| Defendants. | * | |

**RESPONSE TO MOTION TO EXCLUDE TIME
PURSUANT TO THE SPEEDY TRIAL ACT**

On behalf of all defendants in this matter (together, the "Defendants"), we write respectfully in response to the motion to exclude time filed by the government on October 7, 2024. (Dkt. 132.) For the reasons stated herein, Defendants do not oppose an exclusion of time from the date of any exclusion order through December 2, 2024. The government's further request for a retroactive exclusion to June 3, 2024, however, is improper and should be denied.

In support of this response, Defendants respectfully assert as follows:

1. The government's application for an exclusion of time pursuant to the Speedy Trial Act, Title 18 U.S.C. § 3161, *et seq.*, recounts a series of events in connection with its request, which in general are accurate with respect to the dates on which such events occurred. The application omits, however, that a number of the extensions and adjournments occurring in this case were the result of discovery failures by the government, which then forced the defense to "request[] additional time to review discovery and file motions." (*Id.* ¶ 6; *see also id.* ¶ 9.) The most egregious example is the government's belated production, less than four days before trial was scheduled to begin, of additional material comprised of approximately 50,000 pages and 12 hours of additional recordings—including, among other things, recordings *of the defendants* and the government's primary cooperating witness. In light of that belated production—and the

government's representation that there was even more to come—the government "did not object" to a thirty-day continuance of the trial. (*Id.* ¶ 9.)

2.　　Defendants provide this information to clarify the representations made by the government in its application, and to the extent that the reasons necessitating prior extensions and adjournments inform the Court's resolution of the government's request to exclude time pursuant to the Speedy Trial Act. *See, e.g.*, 18 U.S.C. § 3161(h)(7)(C) (providing that "[n]o continuance . . . shall be granted because of . . . lack of diligent preparation . . . on the part of the attorney for the [g]overnment"). Given the ongoing need to review the voluminous discovery produced by the government on the eve of trial (and afterward), however, Defendants do not oppose a prospective exclusion of time through the new date of trial.

3.　　Defendants do oppose the government's further request for a retroactive exclusion back through June 3, 2024. A court may exclude time for a certain period if (*i*) a continuance is granted "on the basis of [its] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," and (*ii*) "the court sets forth, in the record of the case, either orally or in writing, its reasons for [the] finding[s]." 18 U.S.C. § 3161(h)(7)(A). Thus, it must be "clear from the record that the court conducted the mandatory balancing contemporaneously with the granting of the continuance." *United States v. Keith*, 42 F.3d 234, 237 (4th Cir. 1994). Retroactive exclusions like that requested by the government are not permitted under the Speedy Trial Act because the Fourth Circuit has "made clear that [a] district court may not grant an ends of justice continuance *nunc pro tunc*." *Keith*, 42 F.3d at 237.

4.　　The government did not previously file a motion to exclude time or request that the Court do so; as such, there was no opportunity to make the contemporaneous findings necessary to support an exclusion of time back through June 3, 2024. *Cf. United States v. Berndt*, No. CR

JKB-21-0164, 2024 WL 1886122 at *3 (D. Md. Apr. 29, 2024) (dismissing indictment where "the Court clearly made no contemporaneous findings" as "[n]o motion was pending that would have given the Court occasion to make such contemporaneous findings"). "Further, several other circuit courts have explained that a continuance must be granted before the period sought to be excluded begins." *United States v. Henry*, No. CR JKB-23-0466, 2024 WL 2701637 at *1 (D. Md. May 24, 2024). In short, this is not a case where the Court may exclude time that has already passed based on a request that was pending but not resolved until later. Rather, this is a paradigmatic case of the government seeking an "ends of justice continuance *nunc pro tunc*." *Keith*, 42 F.3d at 237. Accordingly, that portion of the government's request is improper and should be denied.

In sum, Defendants do not oppose an exclusion of time from the date of any order on the government's motion through the new date of trial, December 2, 2024. But the government's mischaracterizations and attempt to project blame for any delay on the Defendants is improper and should be rejected. Moreover, because the Speedy Trial Act does not permit *nunc pro tunc* exclusions of time, Defendants respectfully request that the Court deny the government's further request for a retroactive exclusion back through June 3, 2024.

Dated:  October 8, 2024
         New York, NY

                                              /s/ *Jarrod L. Schaeffer*
                                              David M. Eskew
                                              Jarrod L. Schaeffer

                                              ABELL ESKEW LANDAU LLP
                                              256 Fifth Avenue, 5th Floor
                                              New York, NY 10001
                                              deskew@aellaw.com (*pro hac vice*)
                                              jschaeffer@aellaw.com (*pro hac vice*)

                                              Evan T. Shea
                                              VENABLE LLP
                                              750 E. Pratt Street, Suite 900
                                              Baltimore, MD 21202


etshea@venable.com

*Counsel for Defendant Susan P. Carrano*

/s/ *George P. Varghese*

George P. Varghese
Benjamin Conery
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000
George.Varghese@wilmerhale.com (*pro hac vice*)
Benjamin.Conery@wilmerhale.com (*pro hac vice*)

Lee Vartan
Melissa Wernick
CHIESA SHAHINIAN & GIANTOMASI PC
105 Eisenhower Parkway
Roseland, NJ 07068
(973) 325-1500
lvartan@csglaw.com (*pro hac vice*)
mwernick@csglaw.com (*pro hac vice*)

*Counsel for Defendant Michael G. Verzaleno, Jr.*

/s/ *Zach Intrater*

Zach Intrater
AGNIFILO INTRATER LLP
445 Park Avenue, 7th Floor
New York, NY 10022
(917) 721-7331
zach@agilawgroup.com (*pro hac vice*)

Bruce L. Marcus
Sydney M. Patterson
MARCUSBONSIB, LLC
6411 Ivy Lane, Suite 116
Greenbelt, Maryland 20770

*Counsel for Defendant Michael Verzaleno, Sr.*