IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | |
| | * | CRIMINAL NO. PX-23-323 |
| MICHAEL VERZALENO, JR, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

MOTION FOR ISSUANCE OF RULE 17 SUBPOENA FOR
PRODUCTION OF DOCUMENTS

The United States of America, by and through its undersigned counsel, hereby moves for issuance of a subpoena to the Custodian of Records for the Kearny Steel Container Corporation ("Kearny Steel") to produce the Subledgers of the company's General Ledger prior to trial pursuant to Federal Rule of Criminal Procedure 17(c).

1. On August 19, 2024, the government moved for issuance of a Rule 17(c) subpoena for production of Kearny Steel's General Ledger prior to trial. ECF 100; *see* Attachment 1. The government made the motion because it had tried to obtain a copy of the General Ledger by other means, *i.e.*, initially by service of a grand jury subpoena to the company's Custodian of Records, then by requests to the company's accountant and its lawyer, all with no success. ECF 100 at 1-4. The General Ledger is a relevant and admissible document needed by the government to adequately prepare for trial. In order to prove that the Defendants executed the false billing scheme against Citrus and Allied through Kearny Steel as charged in the Indictment, the government will adduce evidence at trial that they used various bookkeeping methods and records at Kearny Steel to fraudulently conceal the existence of the scheme.

2. On August 20, 2024, the Court granted the government's Rule 17(c) motion and issued an Order requiring the Clerk of the Court to issue the subpoena to the Custodian of Records for Kearny Steel to produce the following prior to trial:

> The General Ledger for Kearny Steel Container Corporation described as a handwritten account ledger containing debits and credits and various journal entries covering fiscal years 2013 through 2020. EC

ECF 101; *see* Attachment 2. Ultimately, the subpoena was properly served on Kearny Steel via its counsel, Anthony Mahajan, Esq.

3. On August 28, 2024, having not received a copy of the General Ledger nor a satisfactory response from Mr. Mahajan, the government moved for a Show Cause Order. ECF 107.

4. The next day, on August 29, 2024, Mr. Mahajan agreed to hand deliver the General Ledger to an FBI agent in New Jersey. Believing that Kearny Steel had fulfilled its production obligation under the subpoena, the government moved to withdraw its motion for the Show Cause Order, and the Court granted it. ECF 109 and 110.

5. A detailed review of the General Ledger since that time has determined that the General Ledger provided to the government was not complete. As stated in the government's first Rule 17 subpoena, the accountant for Kearny Steel described the General Ledger as a non-digital account ledger containing handwritten journal entries of debits and credits. *See* 100 at 2. It served as the central repository for managing all of the company's business affairs. *Id*. An integral part of a General Ledger is its subledgers, or subsidiary ledgers, which contain the detailed information upon which the line items in the General Ledger are based. Despite the General Ledger comprising the account balances of its subledgers, none of the subledgers were included with the copy of the General Ledger provided to the government by Mr. Mahajan, thereby making it impossible to identify the transactional details underlying those balances. For example, the essential subledgers for Kearny Steel's accounts payable and disbursements are missing.

6. On October 17 and 18, 2024, the government emailed Mr. Mahajan requesting production of the balance of the General Ledger, including the subledgers for accounts payable

and disbursements. On October 18, 2024, Mr. Mahajan responded stating, "Following up. Thanks." In the two weeks since then, the government has not heard back from Mr. Mahajan.

7. Based on the foregoing chronology, the government moves for issuance of a Rule 17(c) subpoena to the Custodian of Records for Kearny Steel to produce the Subledgers of the General Ledger for fiscal years 2013 through 2020, including the subledgers for accounts payable and disbursements. Federal Rule of Criminal Procedure 17(c), which states:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Rule 17(c)(1). The Court "may quash or modify the subpoena if compliance would be unreasonable or oppressive." Rule 17(c)(2). Before the Court can authorize the issuance of the subpoena, the government must show the following:

> (1) that the documents are evidentiary and relevant;
> (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence;
> (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and
> (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*United States v. Nixon*, 418 U.S. 683, 699–700 (1974) (citations omitted); *United States v. Caro*, 597 F.3d 608, 619 (4th Cir. 2010) (same).

8. Given the approaching trial date on December 2, 2024, the government respectfully seeks an expedited subpoena *duces tecum* pursuant to Rule 17(c) to require the company's Custodian of Records to produce the Subledgers for Kearny Steel Container Corporation's General Ledger for fiscal years 2013 through 2020, including the subledgers for accounts payable and disbursements. Should the Court grant the government's motion, the subpoena should be addressed as follows:

Custodian of Records
Kearny Steel Container Corporation
c/o Anthony Mahajan, Esquire
Health Law Alliance
51 JFK Parkway
Short Hills, NJ 07078

A proposed Order and the proposed subpoena are attached.

WHEREFORE, the government respectfully moves the Court to authorized issuance of the subpoenas pursuant to Rule 17(c).

Respectfully submitted,

Erek L. Barron
United States Attorney

/s/
Martin J. Clarke
Timothy Hagan
Joseph L. Wenner
Assistant United States Attorneys
36 S. Charles Street, 4th Floor
Baltimore, Maryland 21201-2692
(410) 209-4800

4

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Motion for Issuance of Rule 17 Subpoena for Production of Documents* was served via ECF on counsel for the Defendants.

_____/s/_____
Martin J. Clarke
Assistant United States Attorney