

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Martin Clarke*  *Suite 400*  DIRECT: 410-209-4840
*Assistant United States Attorney*  *36 S. Charles Street*  MAIN: 410-209-4800
*Marty.Clarke@usdoj.gov*  *Baltimore, MD 21201-3119*  FAX: 410-962-0716

February 16, 2025

The Honorable Paula Xinis
United States District Court
District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

      Re:    United States v. *Michael Verzaleno, et al*
               Criminal Case No. PX-23-0323

Dear Judge Xinis:

      You will recall that during our conference call last week in the above-captioned case, Lee Vartan, Esq., counsel for Michael Verzaleno, Jr., noted that the government had not fully responded to a pretrial discovery request made a month before the scheduled trial date in December 2024. While the Court questioned the need for the government to comply with that request because all the defendants have since pled guilty, the Court made it clear that it did not want a discovery issue to jeopardize Wednesday's sentencings. To that end, the Court directed the parties to try to resolve the matter without the Court's participation, and update the Court if need be.

      As directed, the parties did discuss a resolution of the issue. I have attached a letter I sent to Mr. Vartan that summarizes where the issue now stands. In short, Mr. Vartan withdrew his request for all the pretrial disclosure materials he had asked for in November except for the image of a phone seized from one of his client's co-conspirators. In an attempt to settle the issue expeditiously without the Court's involvement, the government agreed to send the image of the phone to Mr. Vartan.

      As the letter notes, the government FedExed the phone's content to Mr. Vartan on Thursday. However, on Friday evening, Mr. Vartan emailed the government to say that he wanted the information in a different more accessible format by Monday morning or else he and the other defendants would seek a postponement of this week's sentencings. The attached letter sets forth the multiple ways the government has tried to comply with Mr. Vartan's ultimatum.

      Please let me know if the Court needs any additional information.

        Very truly yours,

        Phil Selden
        Acting United States Attorney

By: _____/s/_____
        Martin J. Clarke
        Assistant United States Attorney

cc:  All counsel of record via email and CM/ECF



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Martin Clarke*
*Assistant United States Attorney*
*Marty.Clarke@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4840*
*MAIN: 410-209-4800*
*FAX: 410-962-0716*

Via email: lvartan@csglaw.com

February 16, 2025

Lee Vartan, Esq.
Chiesa Shahinian & Giantomasi PC
105 Eisenhower Parkway
Roseland, NJ 07068

      Re:    *United States v. Michael Verzaleno, Jr.*
              Criminal No. PX-23-323

Dear Mr. Vartan:

      Per the Court's instruction during our conference call early last week, we have discussed your recent email of February 4, 2025. In that email, you claimed that your client was still entitled to the balance of the discovery material you had requested prior to trial three months ago on November 5, 2024, even though your client ended up pleading guilty two weeks later on November 18, 2024, and the trial was canceled.

      After our discussion following the conference all, you withdrew your request for all of the pretrial discovery material except the image of a cell phone that had been seized during the arrest of Eugene DiNoto, a co-conspirator. As I explained to you, his arrest happened 9 months after the conspiracy ended with your client. During that period, DiNoto had been fired from Citrus and Allied and he and his family were moving from state to state living in a camper at state parks to hide from law enforcement.

      I advised you that I was told by the case agent that the cell phone taken from DiNoto was not the same one believed to have been used during the conspiracy with your client. Instead, based upon an agent's preliminary review of the phone's content, the phone appeared to have been used primarily by DiNoto's wife and children to take pictures and send texts to memorialize their cross-country trip. During the agent's search of the phone, he did not find evidence related to the charged conspiracy with your client. As a result, the government never intended to use any information on the phone as evidence at trial, which is why the content of the phone was not disclosed pursuant to Rule 16.

      Notwithstanding the foregoing conversation, you insisted that the government provide you with a copy of the phone's contents. To avoid raising the issue with the Court, the government relented and began the process of downloading the information and sending it to you.

      This past Thursday, February 13, 2025, the FBI FedExed to you a download of the phone's content. You received it the next morning on Friday. Friday evening, you sent me an email stating that according to your "internal folks and outside vendors" the "internal hard drive used to produce the data is not commonly used." Without further explanation of what you meant by an uncommon hard drive, you said you could not "access" it and you demanded that we provide the information on a file-transferring site. If the government did not do that, you said you could not proceed to sentencing on Wednesday.

      Not being that technically savvy, I explained that I would work with the IT folks at the FBI the next morning to understand the issue even though it was a federal holiday weekend. You responded that if you did not have access to the phone in the manner you wanted by Monday morning you would seek to postpone all of the sentencings on behalf of all of the defendants.

      Since our email exchanges, the FBI folks have provided helpful information that will give you access to the information on the hard drive they sent you. First, I have been advised that contrary to your claim that the information on the drive is inaccessible because it "not commonly used," there is a very inexpensive "external hard drive docking station" commonly used by IT offices everywhere to gain full access to such drives. The cost for one starts at $26 and is sold at Walmart, Best Buy, Staples, and on Amazon. I will email the links to you.

      In addition, the FBI has downloaded the phone's content to an external memory drive that can be accessed directly. That external drive was FedExed to your office at 1:36 pm today. I will email you the tracking number.

      Finally, the FBI did a quick word search of the phone's contents using words that might identify information related to the conspiracy, such as the names of the defendants, "Kearny Steel", "Citrus and Allied", etc. The only hit they got was your client's email address in the Contacts section of the phone. I will email that to you as well.

      To clarify once again, the government is providing this information pursuant to the discussions during the recent conference call with the Court even though we do not believe it is relevant to the sentencing hearing pursuant to Rule 16, *Jencks*, *Giglio*, or otherwise. This is especially so given the fact that in the three months since you asked for the phone's content during *pretrial* discovery your client decided to forego trial and plead guilty to the allegations charged in the indictment pursuant to a very detailed and lengthy Statement of Facts.

Very truly yours,

Phil Selden
Acting United States Attorney

_____/s/_____
Martin Clarke
Assistant United States Attorney